UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WILLIAMS, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No.: 17-cv-1467-MMM |
| ) | |
| LT. BOLAND, et al., ) | |
| ) | |
| **Defendants.** ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action alleging deliberate indifference to his serious medical needs at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff asserts that he is seriously mentally ill ("SMI") with a history of at least one suicide attempt. On January 3, 2016, Plaintiff was moved to the Pontiac East House to cell #920. At that time, Plaintiff asked that Defendant Meyer called a crisis team

1

member as voices were telling him to kill himself. Plaintiff alleges that Defendant Meyer did not call for the crisis team and actually encouraged Plaintiff to kill himself. The following day, Plaintiff told Defendant Meyer that he would go on a hunger strike if not provided treatment. Defendant allegedly told Plaintiff that he would not document the hunger strike.

On January 4, 2016, Plaintiff told Defendants Grove and Wilson that he needed mental health intervention. That same day he was seen by Ronald Benner, a Mental Health Professional ("MHP"). Mr. Benner interviewed Plaintiff who denied feeling suicidal at that time. He complained, however, that "Dr. G" had discontinued his medication for no reason. At this time, he had gone over a week without medication and "voices" were "messing" with him. Plaintiff does not, however, assert a claim as to Dr. G. Plaintiff told MHP Benner that he would not come off of the hunger strike until he was seen by Dr. Seeler, the Administrative Director of Mental Health.

On January 4, 2016, at 9:30 a.m., Plaintiff told Defendant Lt. Boland that Defendant Meyers had refused to call the crisis team or to record the hunger strike. It should be noted that at this time, Plaintiff had refused only one meal, his breakfast. Plaintiff claims, however, that another inmate overheard Defendant Boland tell unidentified officers not to record the hunger strike. Plaintiff was on the undocumented hunger strike from January 4 through January 6, 2016.

Plaintiff states a colorable claim that Defendant Meyer was deliberately indifferent in failing to call the crisis team and failing to record the hunger strike.

As he asserts that Defendant Boland affirmatively told officers not to record the hunger strike, the deliberate indifference claim against him will also go forward. Plaintiff's only claims against Defendants Grove and Wilson are that he told them he wanted mental health intervention and he was seen that same day. This fails to state a claim for deliberate indifference. Defendants Grove and Wilson are DISMISSED.

**IT IS THEREFORE ORDERED:**

  1. This case shall proceed solely on the deliberate indifference claims against Defendants Meyer and Boland, identified herein. If Plaintiff wishes to assert a claim against Dr. G is to file an amended complaint within 30 days. The amended complaint must stand complete, on its own, identifying all claims against all Defendants. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Grove and Wilson are DISMISSED.

  2. Plaintiff files motions for recruitment of pro bono counsel [5] [7] and [9]. Plaintiff asserts that he attempted to secure counsel on his ow, but the declination letters he provides reference case numbers 14-8717 and 07-1298. As a result, the Court finds that Plaintiff has not made a reasonable attempt to secure counsel, here. *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007). [5] [7] and [9] are DENIED at this time. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of letters sent to, and received from, prospective counsel for representation in this case. Plaintiff's motions for status [6] is rendered moot. Plaintiff files [8] , asserting that one of his mental health care providers recorded the wrong date on a progress note.

Plaintiff asks that the Court change the date on the record. The Court does not have the authority to undertake such an action and [8] is DENIED. Plaintiff files [9], requesting that the Court send him copies of this case and three others. Plaintiff does not disclose what he wants copied and Court will not consider his request as to his other cases. Furthermore, it is Plaintiff's responsibility is to keep his copies of anything he files in this case. [9] is DENIED with leave to renew, identifying those documents he wants copied.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate

under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

| | |
|---|---|
| 3/22/2018 <br> ENTERED | s/Michael M. Mihm <br> MICHAEL M. MIHM <br> UNITED STATES DISTRICT JUDGE |